## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**LODI TOWNSHIP, a Michigan municipal
corporation,**

**Plaintiff, Counter-Defendant**

**v.**                                                    **Case No.  06-13662**
**Hon. Avern Cohn**
**Magistrate Judge Pepe**

**ROBERT LINDOW,**

**Defendant, Counter-Plaintiff**

**v**

**Jan Godek, Michael Bickel, David Brammer,
Kathryn Brammer, Jesse O'Jack**
**Third Party Defendants,
Jointly and Severally.**

--------------------------------------------------------------------------------------------------------------

Guy T. Conti (P68889)                          Robert Lindow
Assistant Lodi Township Attorney               Pro Se Defendant/Counter Plaintiff
105 Pearl Street                               129 Republic Ave.
Ypsilanti, MI 48197                            San Jose, CA 95116
(734) 481-1234                                 (734) 657-9535

--------------------------------------------------------------------------------------------------------------

### MOTION FOR DISMISSAL AND REMAND

Plaintiff/Counter-Defendant Lodi Township, by and through its attorney and pursuant

to FRCP 12(b)(1), moves this Honorable Court dismiss and remand all causes of action

involving Lodi Township in this case to the Washtenaw County, State of Michigan, Circuit

Court and for its motion hereby states and incorporates the following brief (attached).

Dated:  May 9, 2007                 By:     s/Guy T. Conti_____

Guy T. Conti
Assistant Lodi Township Attorney
105 Pearl Street
Ypsilanti, MI  48197
(734) 481-1234
gtconti@barrlawfirm.com
P68889

**BRIEF IN SUPPORT OF**

**MOTION FOR DISMISSAL AND REMAND**

Procedural Posture and Undisputed Facts

On October 24, 2005, Lodi Township (Michigan) filed suit in the 22nd Judicial Circuit Court of Michigan against Robert Lindow and all other persons having an ownership interest in the subject property.  (See Exhibit #1, State Court Complaint).  The only parties to this action ("the state court action") were Lodi Township and Robert Lindow.  The complaint named only state law counts and did not raise a federal question.  Mr. Lindow was a resident and citizen of the State of Michigan on the date the complaint was filed.  Mr. Lindow, by his own admission, was served on November 18, 2005. (See Exhibit #2, Notice of Removal, paragraph 1).  On August 17, 2006, almost a full nine months after being summoned to the state court, Mr. Lindow filed a Notice of Removal with this Honorable Court.  (See Exhibit #2).  On August 17, 2006, the date of filing his Notice of Removal, Mr. Lindow filed a complaint against the third party defendants and, it seems (though is not quite clear from the pleadings) a counter-claim against Lodi Township.  The third party defendants were not parties to the original state court action.  The third party defendants have never been served with a summons and no proof of service of such has been filed by Mr. Lindow with this Court.  All summonses issued by the Clerk of this Court in this case have now expired.

**I.  Defendant did not timely remove the case from State court.**

28 USCS 1446(b) states: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the

initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter."

Plaintiff Lodi Township served Washtenaw Circuit Court Case No. 05-1142 on Defendant Robert Lindow by first class mail on November 17, 2005, pursuant to an Order for Alternate Service issued by the State Court.  Defendant Robert Lindow has never objected to the service of process or raised an issue of late receipt.  Lindow did not file his Notice of Removal until August 17, 2006 - approximately eight months late.  The Statute requires that the notice be filed within 30 days.  The 30-day time limitation is mandatory and "defendant must strictly comply with it."  Trepel v. Kohn, Milstein, Cohen and Hausfeld, 789 F. Supp. 881, 884 (E.D. Mich. 1992).  Therefore, this Honorable Court lacks subject matter jurisdiction and should dismiss and remand this case to the State Court.

**II.  There is no federal question or diversity jurisdiction.**

Defendant Robert Lindow does not identify any federal question jurisdiction in the underlying State case.  Lindow could only remove the case to the federal court if one of two conditions are met:

1. The Township of Lodi could have brought the original action that was filed in State court in the federal court under 28 USCS § 1331. Grable & Sons Metal Products Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 312; 125 S. Ct. 2363; 162 L. Ed 2d 257 (2005).

2. The claims recognized under State law turn on substantial questions of Federal law.  Id.

In the present case, Lodi Township brought state claims in the State Court.  No federal questions were pled.  Further, Lindow identifies no State law in Lodi Township's complaint that turn on substantial questions of federal law.  Simply put, Lindow attempted to engineer a federal question by stating one in his counter-claim upon removal.  This is impermissible both under <u>Grable</u> and <u>Merrell Dow v. Thompson</u>, 478 U.S. 804, 808; 106 S. Ct. 3229; 92 L. Ed. 2d 650 (1986) ('Under our longstanding interpretation of the current statutory scheme, the question whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Board*, 463 U.S., at 9-10. A defense that raises a federal question is inadequate to confer federal jurisdiction. *Louisville & Nashville R. Co*. v. *Mottley*, 211 U.S. 149 (1908). Since a defendant may remove a case only if the claim could have been brought in federal court, 28 U. S. C. § 1441(b), moreover, the question for removal jurisdiction must also be determined by reference to the "well-pleaded complaint."').

At the time the State case was filed (October 24, 2005), at the time the State case was served (November 17, 2005), and until at least June 6, 2006, when Defendant Lindow was served with a state court Motion for Order to Show Cause (See Exhibit # 3, Proof of Service for Motion for Order to Show Cause) at his residence in Washtenaw County, Michigan, Lindow was a resident of, and was domiciled in, the State of Michigan.  Lodi Township also being in Washtenaw County, Michigan, no diversity existed for subject matter jurisdictional purposes.  In fact, Defendant Robert Lindow never claimed to be a California resident until he filed this removal action on August 17, 2006, one day before he was to appear in State court in response to a Show Cause hearing as to why Defendant Robert Lindow had failed to follow the State court's orders.

The United States Supreme Court in <u>Freeport-McMoran Inc. v. K N Energy, Inc.</u>, 498 U.S. 426, 428; 111 S. Ct. 858, 860; 112 L. Ed. 2d 951, 954 (1991) held, in compliance with earlier decisions of that Court, "diversity of citizenship is assessed at the time the action is filed." Therefore, Defendant Robert Lindow had no ability to create diversity for subject matter jurisdictional purposes so that he could remove the case to federal court by allegedly moving from the State of Michigan long after the case was filed and served.

**III.  A Note as to the Third-Party Defendants**

This attorney does not represent the third party defendants.  However, it is pointed out to the Court that there exists no proof of service of summons and complaint on the third party defendants and that the third party defendants were not parties to the original state court action.  Therefore, they have never been summoned to any court in this matter.  Therefore, the Court is encouraged to dismiss all claims against the third party defendants, sua sponte, for lack of prosecution of the case.

For the reasons stated above, Lodi Township asks this Honorable Court to dismiss Lindow's counter-claim in toto and remand all other claims to Michigan State Court.

Dated:  May 9, 2007          By:          s/Guy T. Conti_____
                                          Guy T. Conti
                                          Assistant Lodi Township Attorney
                                          105 Pearl Street
                                          Ypsilanti, MI  48197
                                          (734) 481-1234
                                          gtconti@barrlawfirm.com
                                          P68889

**Certificate of Mailing**

I, Guy T. Conti, do hereby certify that on this date I caused a copy of:  Motion for Dismissal and Remand and Brief in Support placed in an envelope and deposited, first class postage prepaid, in the United States Mail, to the following at their last known addresses:  Robert Lindow.

Dated:  May 9, 2007          By:          s/Guy T. Conti_____
                                          Guy T. Conti
                                          Assistant Lodi Township Attorney
                                          105 Pearl Street
                                          Ypsilanti, MI  48197
                                          (734) 481-1234
                                          gtconti@barrlawfirm.com
                                          P68889