UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LODI TOWNSHIP,

    Plaintiff,

v.                                                Case No. 06-13662

ROBERT LINDOW,                    HONORABLE AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR DISMISSAL AND REMAND**
**AND**
**REMANDING CASE TO WASHTENAW COUNTY CIRCUIT COURT**[1]

## I. Introduction

This is a property case. Plaintiff, Lodi Township (Lodi) sued defendant, Robert Lindow (Lindow), in state court claiming a violation of the Lodi Township Zoning Ordinance. Lodi asked for a permanent injunction, an order to show cause, damages, attorney fees, and costs.

Lindow, proceeding pro se, removed the case to federal court on the grounds that his counter-complaint involves federal questions and that diversity jurisdiction exists because he resides in California. The counter-claims are: (1) conspiracy to commit fraud; (2) conspiracy to extort; (3) conspiracy to inflict mental suffering and invasion of privacy; (4) racketeering in violation of U.S.C. §§ 1961-1968; and (5) fraud. Lindow seeks an order to show cause, declaratory relief, writ of mandamus, and such other relief as appropriate.

---

[1] Ordinarily, the Court would schedule this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

Before the Court is Lodi's motion to dismiss and remand. For the reasons that follow, the motion is GRANTED.

## II.  Background

Lindow resided and owned property in Lodi Township, Washtenaw County, Michigan. The property is subject to Lodi's zoning ordinance. Lodi's complaint, filed October 24, 2005, alleged violations of the zoning ordinance as follows: (1) beginning construction of a private road without a pre-construction meeting; (2) storage of abandoned, discarded, unused, unusable, or inoperative vehicles not within a completely enclosed building; (3) dumping and storage of debris on the property not within a completely enclosed building; (4) storage of commercial vehicles and construction supplies on the property; and (5) presence on the property of a disassembled second home, unless its disassembled parts are stored completely within an enclosed building, which they were not. At the time the complaint was filed, Lindow was a resident of Michigan.

On August 17, 2006, Lindow removed the case to federal court and filed a counter-complaint. In the Notice of Removal, Lindow alleged that removal was proper based on his counter-complaint raising federal claims and that he was a resident of California.

The counter-complaint, which is virtually unintelligible, states that Third Party Defendants[2] (referred to as "the enterprise"), who were not parties to the original action, and possibly Lodi[3] conspired to bring zoning violations charges against him. Broadly stated, Lindow alleges the following:

---

[2] The Third Party Defendants are named as follows: Jan Godek – Supervisor of Lodi Township, Michael Bickel – Engineer for Lodi Township, David and Kathryn Brammer – Residents of Washtenaw County, Jesse O'Jack – Attorney for Plaintiff.
[3] It is not clear from the counter-complaint whether Lodi Township is charged in any counts. Lindow uses "Third Party Defendants" and "Defendants" interchangeably.

2

(1) **Conspiracy to commit fraud**: the meeting between Michael Bickel, Jan Godek, an engineer working for Bickel, and Lindow qualified as a pre-construction meeting per the Lodi Township Zoning Ordinance. Bickel and Godek conspired to require Lindow to meet prerequisites not enumerated in the Zoning Ordinance. When Lindow failed to meet the additional requirements, Godek filed a complaint for purposes of harassment, causing unnecessary delay and needlessly increasing costs incurred by Lindow

(2) **Conspiracy to extort**: as a result of the conspiracy by Third Party Defendants, Lindow has been defrauded of large sums of money.

(3) **Conspiracy to inflict mental suffering and invasion of privacy**: Defendants conspired to injure Lindow in person, reputation and occupation, and intentionally inflict mental and emotional distress for the purpose of delaying and/or depriving Lindow of his right to develop his property and place a modular home thereupon.

(4) **RICO (U.S.C. § 1961 *et seq.*)**: the "enterprise" devised a scheme to extort and deprive Lindow of his property, work, profits, development rights and materials and used US Mail and wire/telephone on more than one occasion in the past ten years to execute their scheme.

(5) **Fraud (as to Michael Bickel, Township Engineer)**: Bickel's objections to the proposed road at the planning commission meetings were meant to induce the planning commission to delay the process and increase Lindow's bills.

On May 11, 2007, Lodi filed the instant motion.

### III. Analysis

### A. Federal Question Jurisdiction

Lodi contends that remand is proper because federal question jurisdiction is lacking. The Court agrees. The question of removal jurisdiction is determined by reference to the "well-pleaded complaint" rule. A defendant may only remove a case if the claim could have been brought in federal courts. 28 U.S.C.A. § 1441(b). Generally, removal of a case is proper if one of two conditions is met:

1. Plaintiff could have brought the original action that was filed in state court in the federal court under 28 U.S.C. § 1331. Grable & Sons Metal Products Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 312 (2005). In other words, whether the claim "arises under" the federal law.

2. The claims recognized under state law turn on substantial questions of federal law. Id.

However, a defense that raises a federal question is inadequate to confer federal

jurisdiction. Merrel Dow v. Thompson, 478 U.S. 804, 808 (1986) (citing Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149 (1908)).

Here, Lodi brought solely state claims in the state court. Lindow did not identify any state law in the complaint that turns on substantial questions of federal law. Instead, Lindow has attempted to obtain federal question jurisdiction by including federal law in his counter-complaint. Under both Grable and Merrel, Lindow's actions are ineffective in bestowing federal question jurisdiction.

### B. Diversity Jurisdiction

Lodi also contends that diversity jurisdiction is lacking. The Court agrees. Diversity of citizenship is judged at the time that the complaint is filed. Freeport-McMoran Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991). Here, Lodi Township is in Washtenaw County, Michigan. Lindow was also a resident of the State of Michigan at the time the complaint was filed on October 24, 2005, at the time the state case was served on November 18, 2005, and until at least June 6, 2006, when Lindow was served with a motion in state court to show cause which was served at his residence in Washtenaw County, Michigan. Lindow did not claim to be a California resident until he filed the Notice of Removal on August 17, 2006 (one day before he was to appear in state court in response to a show cause hearing as to why he had failed to follow the state court's orders). Thus, no diversity existed between the parties when the complaint was filed and Lindow cannot create diversity jurisdiction by moving to another state almost one year later.

### C. Timely Removal

Finally, Lodi also argues that the case should be remanded because Lindow did not timely remove it. Again, the Court agrees. 28 U.S.C. § 1446(b) sets for the statutory time period for removal. It states in pertinent part as follows:

The notice of removal of a civil action or proceeding shall be filed within thirty

4

days after the receipt by the defendant, thought service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C.A. § 1446(b).  Here, Lodi states that it served the state court complaint on Lindow by first class mail on November 18, 2005, pursuant to an Order for Alternate Service issued by the state court.  Lindow neither objected to the service of process nor raised an issue of late receipt.  It was not until eight months later, on August 17, 2006, that Lindow filed the Notice of Removal.  The statute, however, requires the notice to be filed within thirty days of receipt of the initial pleading.  The thirty day limitation is mandatory and "defendant must strictly comply with it."  <u>Trepel v. Kohn, Milstein, Cohen and Hausfeld,</u> 789 F. Supp. 881, 884 (E.D. Mich. 1992).  Thus, Lindow's removal was untimely.

## IV.  Conclusion

Lodi's complaint fails to present a federal question, there is no diversity of citizenship between the parties at the time the complaint was filed and for almost another year thereafter, and Lindow failed to meet the thirty day deadline for filing a Notice of Removal.  Accordingly, this case is REMANDED to Washtenaw County Circuit Court.

SO ORDERED.


Dated:  June 20, 2007                    　　　 s/Avern Cohn
                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Robert Lindow, 129 Republic Avenue, San Jose, CA 95116 on this date, June 20, 2007, by electronic and/or ordinary mail.

                                         　　 s/Julie Owens
                                         Case Manager, (313) 234-5160